UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

| | |
|---|---|
| UNITED STATES,<br>            Plaintiff, | )<br>)<br>) |
| v. | ) District Court No. 93-cr-10148-DPW<br>)<br>)                               or<br>) |
| MARK A. GILDAY,<br>            Defendant, | )                    94-cr-10148-DPW<br>) |

## DEFENDANT'S PETITION FOR A
## WRIT OF HABEAS CORPUS 28 U.S.C. § 2241

Now comes the defendant/petitioner, Mark A. Gilday, pro se, in the above-entitled matter, pursuant to Title 28 U.S.C. § 2241, and moves this Honorable Court to cause a writ of habeas corpus to issue to Gary Roden, Superintendent of MCI-Norfolk, 2 Clark Street, Norfolk, Massachusetts or his custodian thereof, to have delivered, Mark A. Gilday, the petitioner, to the United States District Court, One Courthouse Way, Boston, MA 02210 at a date and time set by this Court, but no later than January 13, 2012, in order that the petitioner may state his claim that he should have a stay of execution of his 14 months sentence until his temporary restraining order and preliminary injunction can be decided by the State Court.

As grounds, the petitioner claims he is entitled to "earned good time" (EGT) credits on his State sentence that were denied him due to his disabilities. Had the Department of Correction (DOC) granted the plaintiff those credits complained of, the petitioner should have been released from his State sentence approroximately September 01, 20_10_. At which time, the petitioner would have been remanded to the Bureau of Prisons (BOP) to begin his 14 month Federal sentence on September 01, 2010. Had the petitioner begun his 14 month sentence on September 01, 2010, he would have been mandatorily released from his 14 month Federal sentence no later than September 02, 20_11_, because he would be expected to actually serve One (1) year and One (1) day where he receives Fifty-Four (54) days credit for good behavior. 14 mos. x 30 days = **420 days**, 420 days (minus) - 54 days good behavior = **366 days** which = one year and one day, meaning 09/01/10 to 09/02/11 is the petitioner's mandatory release date.

Furthermore, the petitioners claims that he should be given the opportunity to receive his (EGT) credits from the State Court, or at the very least, be given the opportunity to be heard by the State court on his pending "Emergency" Motion for a Temporary Restraining Order and Motion for Preliminary Injunction in order that a determination should be made with

respect to the (EGT) credits and whether the petitioner was entitled to release on or about September 01, 2010. Whereas, if the State Court finds in the petitioner's favor, the petitioner would be irreparably harmed if he was in Federal custody serving a Federal sentence that should have expired on or about September 02, 2011.

WHEREFORE, the defendant/petitioner prays this Honorable Court **Grant** this petition for habeas corpus relief and **ALLOW** the petitioner a **Stay of Execution of his Sentence** until the State Court decides the pending motion for a temporary restraining order and preliminary injunction now before that Court. See Attachments with docket entries.

                Respectfully submitted,

                *[signature]*
                Mark Austin Gilday, Pro Se
                MCI-Norfolk
                P.O. Box 43
                Norfolk MA 02056

Dated: 12/27/11